Case 1:11-cv-00853-PLM   ECF No. 1, PageID.1   Filed 08/12/11   Page 1 of 7

FILED - GR
August 12, 2011 4:09 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY JSJ /____ SCANNED BY /bd/ /8-16-11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CRAWFORD,

    Plaintiff,

v.

1:11-cv-853
Paul L. Maloney, Chief Judge
U.S. District Judge

NATIONWIDE RECOVERY
SYSTEMS, LTD,

    Defendant.
_____/

## Complaint

**I.   Introduction**

1.   This is an action for damages, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Thomas Crawford is a natural person residing in Montcalm County, Michigan. Mr. Crawford is a "consumer" and "person" as the terms are defined and/or used in

the FDCPA. Mr. Crawford is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Nationwide Recovery Systems, LTD ("NRS") is a Texas company, purportedly doing business at 2304 Tarpley Drive, #134, Carrollton, Texas 75006. The registered agent for NRS in Michigan is CT Corporation System, 30600 Telegraph Road, Bingham Farms, Michigan 48025. NRS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. NRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. NRS is a "debt collector" as the term is defined and/or used in the FDCPA. NRS is licensed (No. 2401001488) by the State of Michigan to collect debts in Michigan. NRS is a "collection agency" and a "licensee" as the terms are defined and/or used in MOC.

## IV. Facts

5. Mr. Crawford had a credit account (Reference Number 188038126044) with AT&T Mobility ("AT&T") which he used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. AT&T claimed that Mr. Crawford failed to pay the debt in full and that he owed a delinquent debt of $399.64.

7. Mr. Crawford refused to pay the alleged debt because he did not owe it.

8. Apparently, AT&T hired NRS to collect the alleged debt from Mr. Crawford.

9. Mr. Crawford disputes the alleged debt.

10. Mr. Crawford refuses to pay the alleged debt.

11. By letter dated July 1, 2011, NRS wrote Mr. Crawford and demanded payment of the alleged debt. The letter stated that Mr. Crawford owed a principal debt of $399.64, plus a "collection fee" of $71.94, for a total balance due of $471.58. The letter invited Mr. Crawford to telephone NRS to dispute or discuss the matter.

12. In August 2011, Mr. Crawford spoke by telephone with a female NRS employee. The NRS employee stated that NRS was recording the conversation. The NRS employee stated that NRS had been hired by AT&T to collect a debt from Mr. Crawford in the principal amount of $399.64, plus a "collection fee" of $71.94, for a total balance due of $471.58. Mr. Crawford questioned the right of AT&T and/or NRS to assess the collection fee. The NRS employee stated that NRS was allowed to assess the collection fee because "the account is in collections." The NRS employee stated that if Mr. Crawford did not make arrangements with NRS to pay the debt, then AT&T would send the account on to another collection agency, and the next collection agency would add to the total balance due of $471.58, yet another collection fee, such that the debt balance would continue to accumulate collection fees as it is sent from collection agency to collection agency. Mr. Crawford stated that he disputed the debt. The NRS employee repeatedly stated that Mr. Crawford could not dispute the debt by telephone. The NRS employee repeatedly stated that for Mr. Crawford to dispute the debt, Mr. Crawford was required to dispute the debt in writing. Mr. Crawford stated that the next time NRS communicated with AT&T regarding the debt, Mr. Crawford wanted NRS to communicate to AT&T that he disputes the debt. The NRS employee stated that NRS would not communicate the dispute to AT&T. The NRS employee stated that NRS was going to report the debt to the credit bureaus unless Mr. Crawford agreed to pay the debt.

13. NRS and its employee falsely stated to Mr. Crawford that NRS was entitled to charge a collection fee of $71.94 on the account.

14. The NRS employee falsely stated to Mr. Crawford that if Mr. Crawford did not make arrangements with NRS to pay the debt, then AT&T would send the account on to another collection agency, and the next collection agency would add to the total balance due of $471.58, yet another collection fee, such that the debt balance would continue to accumulate collection fees as it is sent from collection agency to collection agency.

15. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

16. The NRS employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

4

17. The NRS employee made false statements regarding Mr. Crawford's rights to dispute the debt.

18. The NRS employee falsely stated that for Mr. Crawford to dispute the debt, Mr. Crawford was required to dispute the debt in writing.

19. The NRS employee falsely stated that Mr. Crawford could not dispute the debt orally or by telephone.

20. The NRS employee wrongfully stated that NRS would not communicate to AT&T that Mr. Crawford disputed the debt.

21. The NRS employee falsely stated that NRS was going to report the debt to the credit bureaus unless Mr. Crawford agreed to pay the debt.

22. NRS and the NRS employee falsely represented that Mr. Crawford owed the debt.

23. NRS and the NRS employee made false representations about the character, amount and legal status of a debt.

24. NRS and the NRS employee made false representations regarding services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

25. The acts and omissions of NRS and its employees were done wilfully.

26. NRS and its employees wilfully violated the FDCPA and MOC.

27. As an actual and proximate result of the acts and omissions of NRS and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

V.  **Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

28. Plaintiff incorporates the foregoing paragraphs by reference.

29. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d) Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

30. Plaintiff incorporates the foregoing paragraphs by reference.

31. Defendant has violated the MOC. Defendant's violations of the MOC

include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor;

c) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

e) Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: August 12, 2011

_/s/ Phillip C. Rogers_
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com